**E-FILED**
Friday, 11 July, 2008  10:49:23 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE GROUP,<br>    Plaintiff<br><br>    vs.<br><br>SELECTIVE INSURANCE COMPANY OF<br>SOUTH CAROLINA AND MONTICELLO<br>INSURANCE COMPANY, N/K/A ALLIANZ<br>GLOBAL RISK, U.S.<br>    Defendants | No. 08-2118<br>Judge:  Michael P. McCuskey<br>Magistrate:  David G. Bernthal |

## MOTION TO CONSOLIDATE

The Defendant, Selective Insurance Company of South Carolina ("Selective"), by and through its counsel, moves this Court pursuant to Rule 42(a)(2) and (3) to consolidate this litigation with and into  SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA v. CITY OF PARIS, GENE RAY, JAMES PARRISH, GORDON RANDY STEIDL, AND HERBERT WHITLOCK, which was filed on  December 5, 2007, Court Number 07-CV-02224, and in support of that Motion states as follows:

Selective filed a complaint with this Court on December 5, 2007, Court Number 07-CV-0224 seeking a declaratory judgment finding that it owed no duty to defend litigation currently pending against defendants City of Paris ("City of Paris"), Gene Ray ("Ray"), and James Parrish ("Parrish").  That litigation (the "Steidl Lawsuit"), brought by defendant Gordon Randy Steidl ("Steidl"), seeks damages from the City of Paris, Ray, and Parrish, among others, based on alleged constitutional violations and state law claims.  On May 1, 2008 Selective filed an Amended Complaint, adding Herbert Whitlock as a defendant to the declaratory judgment

action, which requested that this Court find that Selective also owed no duty to defend or indemnify the City of Paris, Ray and Parrish for the litigation that Herbert Whitlock had filed against them, which also alleged constitutional violations and state law claims.  (Case Number 07-CV-0224 shall be hereinafter referred to as the "Selective Coverage Litigation" and the Complaint filed therein as the "Selective Complaint".  A copy of the Selective Amended Complaint is attached hereto as Exhibit A).

Selective issued policies to the City of Paris with effective dates of December 27, 1999 to December 27, 2005 (collectively, the "Selective Policies").  Those policies provided several coverage forms, including, *inter alia*, police professional liability coverage and the City of Paris had tendered the Steidl and Whitlock lawsuits to Selective for coverage and defense under the policies.  Selective is advancing the payment of defense fees for Ray and Parrish and currently is defending the City of Paris in the Steidl and Whitlock Lawsuits under a reservation of rights and paying a portion of those fees.  As alleged in the Selective Complaint, Selective has denied and continues to deny that it owes a duty to defend or indemnify the City of Paris, Ray and Parrish in the Steidl and Whitlock Lawsuits.  The City of Paris, Ray, Parrish, Steidl and Whitlock have answered the Selective Complaint.

On June 6, 2008, Allianz Global Risks US Insurance Company filed a petition to intervene in the Selective Coverage Litigation and sought leave to file a complaint for declaratory judgment, which sought a declaration that it owed no duty to defend the City of Paris, Ray and Parrish for the Steidl and Whitlock litigation under insurance policies that had been issued to the City of Paris by Monticello.  That petition to intervene was granted by this Court.

On May 27, 2008, Western World Insurance Group filed its Complaint for Declaratory Judgment in this same court, Cause No. 08-2118 against Selective and Monticello Insurance Company (n/k/a Allianz Global Risk, U.S.). (Hereinafter the "Western World Litigation" and "Western World Complaint"). The Western World Complaint seeks a declaration of the rights and obligations of Western World, Selective and Monticello with respect to their obligations to defend the Steidl and Whitlock lawsuits. In its Complaint, Western World concedes that it owes a defense to the City of Paris, Ray and Parrish, but alleges that it has no obligation to defend until the Selective and Monticello policies are exhausted.

Both Selective and Monticello have answered the Western World Complaint and denied the allegations contained therein. Selective maintains that Western World is not entitled to any relief against it because Selective owes no duty to defend or indemnify the City of Paris, Ray and Parrish in the Steidl and Whitlock litigation, and ahs asserted this as Affirmative Defenses to Western World's Complaint. Monticello likewise, in its answer to the Western World Complaint, asserted that it owes no duty to defend or indemnify the City of Paris, Ray and Parrish in the Steidl and Whitlock litigation. Indeed, Western World is entitled to no relief against Selective, or Monticello, if these carriers have no defense obligation.

The question of whether Selective and Monticello owe the City of Paris, Ray and Parrish a defense for the Steidl and Whitlock litigation is the exact same issue that will be decided by this Court in the Selective Coverage Litigation. Therefore, the Selective Coverage Litigation and the Western World Litigation involve common questions of law and fact – that is, whether Selective and Monticello have a duty to defend the Steidl and Whitlock litigation under their policies. A consolidation of these cases will avoid unnecessary costs and delay, avoid the burden on this Court to decide the same issue twice, and avoid the possibility of inconsistent

adjudications. Moreover, a determination of Selective's and Monticello's defense obligation in the Western World Litigation will impact the City of Paris, Ray and Parrish, who are not parties to that litigation, but who are parties to the Selective Coverage Litigation.

WHEREFORE, for the foregoing reasons, Selective respectfully requests that this Court consolidate this action with and into Case Number 07-CV-0224.

Dated: July 11, 2008                    Respectfully submitted,

                                        Selective Insurance Company of South Carolina

                                        By: __/s/ Nancy K. Tordai_____
                                              One of its counsel


Of Counsel:

Nancy K. Tordai (Ill. Bar. No. 06182953)
Hanson Peters Nye
1000 Hart Road, Suite 300
Barrington, Illinois 60010
Telephone: (847)277-9988
Facsimile: (847)277-7339
Email: nancytordai@hpnlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the 11th day of July, 2008, she electronically filed with the Clerk of the Court using the CM/ECF system, the aforesaid **MOTION TO CONSOLIDATE**, which will send a notice of electronic filing to the appropriate parties in this matter.

Dated this 11th day of July, 2008

**/s/Nancy K. Tordai**
Nancy K. Tordai (Bar Number 06182953)
Attorney for Defendant, Selective Insurance
Company of South Carolina
Hanson Peters Nye
1000 Hart Road, Suite 300
Barrington, Illinois 60010
Telephone: (847)277-8104
Fax:  (847)277-7339
E-mail:  nancytordai@hpnlaw.com

Dated: July 11, 2008

E-FILED
Thursday, 01 May, 2008  00:30:50 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

SELECTIVE INSURANCE COMPANY OF
SOUTH CAROLINA,
     Plaintiff

          vs.

CITY OF PARIS, GENE RAY, JAMES PARRISH,
GORDON RANDY STEIDL, AND HERBERT
WHITLOCK,
     Defendants

No. 07-CV-02224

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, Selective Insurance Company of South Carolina ("Selective"), by and through its counsel, pursuant to 28 U.S. C. §2201 and for its Complaint for Declaratory Judgment, state:

1.     Plaintiff, Selective, is an insurance company incorporated in the State of South Carolina, with its principal place of business in the State of North Carolina. Selective is a citizen of South Carolina and North Carolina

2.     Defendant, City of Paris, is a governmental entity in the State of Illinois.

3.     Defendant, Gene Ray ("Ray"), is an individual residing in the State of Illinois and a citizen of Illinois.

4.     Defendant, James Parrish ("Parrish"), is an individual residing in the State of Illinois and a citizen of Illinois.

5.     Defendant, Gordon Randy Steidl ("Steidl") is an individual residing in the State of Indiana and a citizen of Indiana.

**EXHIBIT A**

6.     Defendant, Herbert Whitlock ("Whitlock"), is an individual residing in the State of Illinois and a citizen of Illinois.

7.     Jurisdiction is proper in this Court pursuant to 28 U.S. C. §2201 as Plaintiff is seeking a determination of its rights and obligations under more than one policy of insurance that it issued to the City of Paris.  Jurisdiction is proper in this Court pursuant to 28 U.S. C. §1332 as the amount in controversy in this matter is in excess of $75,000, exclusive of interest and costs, and there is diversity of citizenship amongst the parties.

8.     Venue is proper in this Court pursuant to 28 U.S. C. §1391(a) as a substantive part of the events giving rise to the Claim occurred in this District.

9.     On or about May 27, 2005, a Complaint was filed in the United States District Court for the Central District of Illinois, Urbana Division, by Steidl against several defendants, including Ray, Parrish and the City of Paris.  Said case is styled <u>Gordon Randy Steidl, Plaintiff v. City of Paris, et al., Defendants,</u> Case Number 05-CV-02127 (hereinafter "the Steidl Lawsuit").  In the Steidl Lawsuit, Steidl asserts multiple constitutional violations and state law claims relating to the alleged wrongful arrest, imprisonment, trial and conviction against him.  A copy of the Complaint in the Steidl Lawsuit is attached hereto and marked as Exhibit A and is incorporated by reference as set forth fully herein.

10.     On or about February 27, 2008, a Complaint was filed in the United States District Court for the Central District of Illinois, Urbana Division, by Whitlock against several defendants, including Ray, Parrish and the City of Paris.  Said case is styled <u>Herbert Whitlock, Plaintiff, vs. City of Paris, et al., Defendants,</u> Case Number 08-CV-02055 (hereinafter "the Whitlock Lawsuit").   In the Whitlock Lawsuit, Whitlock asserts multiple constitutional violations and state law claims relating to the alleged wrongful arrest, imprisonment, trial and

conviction against him.  A copy of the Complaint in the Whitlock Lawsuit is attached hereto and marked as Exhibit B and is incorporated by reference as set forth fully herein.

11.    Plaintiff, Selective, issued Commercial Policies of Insurance to the City of Paris Selective, Policy No. S1698558, for the following Policy Periods: December 27, 1999 to December 27, 2000; December 27, 2000 to December 27, 2001; December 27, 2001 to December 2002; December 27, 2002 to December 27, 2003; December 27, 2003 to December 27, 2004; December 27, 2004 to December 27, 2005; December 27, 2005 to December 27, 2006; and December 27, 2006 to December 27, 2007.  Selective also issued to the City of Paris a Police Professional Liability Policy number S1319297 for the December 27, 1999 to December 27, 2000 policy period.  (The foregoing policies shall be collectively referred to herein as the "Selective Policies").

12.    Selective also issued to the City of Paris a Public Officials Liability Policy, Policy S1698558, for the following Policy Period: December 27, 2004 to December 27, 2005.

13.    The City of Paris tendered the Steidl Lawsuit to Selective for defense and indemnity.

14.    The City of Paris also tendered the Whitlock Lawsuit to Selective for defense and indemnity.

15.    Ray was not an employee of the City of Paris between approximately March 1996 and the present.

16.    Parrish was not an employee of the City of Paris between approximately August 1988 and the present.

17.    Ray and Parrish were not employees of the City of Paris at the inception of or during the policy period of any of the Selective Policies.

3

18.     Ray and Parrish were not employees of the City of Paris from December 27, 1999 to the present.

19.     Selective has denied defense and indemnity to Ray and Parrish as they were not employees of the City of Paris at the inception of or during the policy period of any of the Selective Policies, and thus are not insureds under any of the Selective Policies.

20.     Selective has advanced and has agreed to advance payment of defense costs to Ray and Parrish subject to a reservation of rights.

21.     Selective, while defending the City of Paris in the Steidl Lawsuit under a reservation of rights, has denied and continues to deny that it owes a duty to defend or indemnify the City of Paris in the Steidl Lawsuit under the Selective Policies.

22.     Selective, while defending the City of Paris in the Whitlock Lawsuit under a reservation of rights, has denied and continues to deny that it owes a duty to defend or indemnify the City of Paris in the Whitlock Lawsuit under the Selective Policies.

## The Selective Policies

**A.     The Police Professional Liability Coverage Form.**

23.     Among other coverage forms, the Selective Policies contained a Police Professional Liability Coverage Form.

24.     Section II of the Police Professional Liability Coverage Form identifies who is an insured, and reads as follows:

1.     Each of the following is an insured:

    a.     The insured named in the Declarations.

    b.     Your employees, but only for acts within the scope of their employment by you.

    c.     Volunteers or reserves while performing law enforcement activities for you at your request.

4

However, none of these employees, volunteers or reserves is an insured for:

    (1)    "Bodily injury" or "personal injury" to you or to a co-employee while in the course of his or her employment; or

    (2)    "Bodily injury" or "personal injury" arising out of his or her providing or failing to provide professional health care services; or

    (3)    "Property damage" to property owned or occupied by or rented or loaned to that employee, volunteer or reserve or any of your other employees, volunteers or reserves.

    2.    The political subdivision in which you are located is an insured, but only with respect to liability of the political subdivision for which an insured, as defined in paragraph 1.a., 1.b., or 1.c. above, is also liable.

25.    The "City of Paris" is identified in the Declarations as the insured.

26.    Coverage A of the Police Professional Liability Coverage Form reads, in pertinent part, as follows:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. … This insurance applies only to "bodily injury" and/or "property damage" which occurs during the policy period. The "bodily injury" and "property damage" must be caused by an "occurrence" and/or arise out of the performance of the insured's law enforcement duties or out of the ownership, maintenance or use of the premises designated in the Declarations … .

27.    Section I, Coverage A, Paragraph 2, contains the following Exclusions, which read, in pertinent part, as follows:

This insurance does not apply to:

f.    Claims or "suits" for damages arising out of the willful violation of any federal, state or local statute, ordinance, rule or regulation committed by or with the knowledge or consent of any insured.

g.    Claims or "suits" for damages arising out of acts of fraud committed by or at the direction of the insured with affirmative dishonesty or actual intent to deceive or defraud;

i.    Any claims or "suits" seeking relief or redress in any form other than compensatory damages. … however, we will afford defense to the insured of such

claims or "suits," if not otherwise excluded, where compensatory damages are requested;

l. Any claim or "suit" seeking punitive or exemplary damages. If a suit shall have been brought against the insured for a claim falling within the coverage provided by this policy, seeking both compensatory and punitive or exemplary damages, we will afford a defense to such action, but we shall not have an obligation to pay for any cost, interest, or damages attributed to punitive or exemplary damages.

28. Coverage B of the Police Professional Liability Coverage Form reads, in pertinent part, as follows:

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" to which this insurance applies. …

b. This insurance applies to "personal injury" only if caused by an offense:

(1) Committed in the "coverage territory" during the policy period; and

(2) Arising out of the conduct of your law enforcement activities.

29. Section I, Coverage B, Paragraph 2, contains the following Exclusions, which read, in pertinent part, as follows:

This insurance does not apply to:

a. "Personal injury":

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(3) Arising out of the willful violation of any federal, state or local statute, ordinance, rule or regulation committed by or with the knowledge or consent of any insured;

(4) Arising out of acts of fraud committed by or at the direction of the insured with affirmative dishonesty or actual intent to deceive or defraud. …

    e.        Any claims or "suits" seeking relief or redress in any form other than compensatory damages. … however, we will afford defense to the insured of such claims or "suits" if not otherwise excluded, where compensatory damages are requested;

    g.        Any claim or "suit" seeking punitive or exemplary damages.  If a suit shall have been brought against the insured for a claim falling within the coverage provided by this policy, seeking both compensatory and punitive or exemplary damages, we will afford a defense to such action, but we shall not have an obligation to pay for any cost, interest, or damages attributed to punitive or exemplary damages.

30.        Section V – Definitions reads, in pertinent part, as follows:

    2.        "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    6.        "Occurrence" means an event, including continuous or repeated exposure to substantially the same general harmful conditions, which results in "bodily injury", "personal injury", or "property damage" by any person or organization and arising out of the insured's law enforcement duties.

    7.        "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:

        a.        False arrest, detention or imprisonment;

        b.        Malicious prosecution;

        c.        Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies, invasion of the right of private occupancy, or denial of public occupancy;

        d.        Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

        e.        Oral or written publication of material that violates a person's right of privacy;

        f.        Assault and battery;

        g.        Erroneous service of process;

        h.        Violation of property rights;

        i.        Discrimination, unless insurance thereof is prohibited by law;

j.      Humiliation or mental anguish;

k.      Violation of civil rights protected under 42 USC 1981 et seq. or State Law;

provided that no offense shall be deemed to be or result in "personal injury" unless committed in the regular course of duty by the insured.

**B.      Commercial General Liability Coverage Form.**

31.      Among other coverage forms, the Selective Policies contained a Commercial General Liability Coverage Form.

32.      The Commercial General Liability Coverage Form contains a Coverage A, Bodily Injury and Property Damage Liability; Coverage B, Personal Liability and Advertising Liability;

33.      The Elite PAC General Liability Extension Endorsement to the Commercial General Liability Coverage Form provides at the exclusions section, as follows with respect to Coverage A:

"Law Enforcement Activities Exclusions:

The following Exclusion is added:

This insurance does not apply to "bodily injury" or "property damage" arising out of any act or omission resulting from law enforcement activities of your police department or any of your other law enforcement agencies, including their agents or "employees."

34.      The Elite PAC General Liability Extension Endorsement provides, with respect to Coverage B, Personal Liability and Advertising Liability, the following exclusion:

"Law Enforcement Activities-Exclusion:

This insurance does not apply to "personal injury" or "advertising injury" arising out of any act or omission resulting from law enforcement activities of your police department or any of your any other law enforcement agencies, including their agents or "employees."

**C.      Commercial Umbrella Liability Coverage Form**

35.      Among other coverage forms, the Selective Policies contained a Commercial Umbrella Liability Coverage Form.

36.      Section II of the Commercial Umbrella Liability Coverage Form identifies who is an "insured", and reads, in pertinent part, as follows:

A.  If you Are designated in the Declarations as:

> 4.  An organization other than a partnership, joint venture, or limited liability company, you are an insured.

B.  Each of the following is also an insured:

> 1.  Except for the ownership, maintenance or use including loading or unloading of an "Automobile" or an "Aircraft" …:
>
> a.  Your executive officers, directors, "Employees" or stockholders while acting with the scope of their duties; … .

37.      Section I. Coverages, Paragraph A, Insuring Agreement, reads, in pertinent part as follows:

> We will pay on behalf of the insured the "Ultimate Net Loss" in excess of the "Retained Limit" that the insured becomes legally obligated to pay as damages, because of:
>
> 1.      "Bodily injury";
> 2.      "Property Damage"; or
> 3.      "Personal Injury" and "Advertising Injury"
>
> To which this insurance applies occurring during the policy period and caused by an "Occurrence".

38.      Section I. Coverages, Part A. Insuring Agreement, includes the following, added by Endorsement to the Commercial Umbrella Liability Coverage Form:

> The following is added to SECTION I., COVERAGES, Part A. INSURING AGREEMENT:
>
> D.      Excess Following Form Liability Coverage Over Underlying Claims Made or Occurrence Coverage for Scheduled Policies:
>
> We will pay, on behalf of the insured, the "Ultimate Net Loss" in excess of the Limits of Liability of the "Underlying Insurance" listed in the "Schedule" of

Policies attached to this Endorsement (hereinafter "Schedule" of Policies) provided that:

1. The "Ultimate Net Loss" is caused by an "Occurrence" happening anywhere during the policy period; and
2. Coverage must be afforded by the "Schedule" of Policies or coverage would have been afforded but for the exhaustion of the "Schedule" of Policies applicable Limit of Liability.

…

Coverage under this Endorsement follows the form of the "Schedule" of Policies and is subject to the same terms, conditions, agreements, exclusions and definitions as those contained in the "Schedule" of Policies unless otherwise provided in this policy or its endorsements.

39.     The Commercial General Liability Policy Form is identified in the "Schedule" of Policies.

40.     Section I. Coverages, Paragraph B, Exclusions, reads in pertinent part as follows:

This policy does not apply to:

11.     "Personal Injury" or "Advertising Injury"

"Personal Injury" or "Advertising Injury":

a.     Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

b.     Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period. All "Personal Injury" or "Advertising Injury" arising out of publication of the same or similar materials subsequent to the beginning of the policy period is also included; or

c.     Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.

41.     By Endorsement, the following is also excluded from coverage under the Commercial Umbrella Liability Coverage Form:

Further, this policy shall only apply to the extent that insurance is provided for the insured by "Underlying Insurance" to:

…

3.      "Personal Injury" arising out of:

  a.      False arrest, false imprisonment, wrongful eviction, wrongful entry, wrongful detention or malicious prosecution; or

  b.      Libel, slander, defamation of character, humiliation or invasion of the rights of privacy; … .

42.     Section V. Definitions reads in pertinent part as follows:

  D.      "Bodily injury" means bodily harm, sickness, disease, disability or shock sustained by a person, including death from any of these at any time including mental anguish or mental injury sustained by a person who has suffered a covered "Bodily Injury" as defined in this paragraph.

  E.      "Employee" includes a "Leased Worker". " Employee" does not include a "Temporary Worker".

  K.      "Personal Injury" means injury, other than "Bodily Injury," arising out of one more of the following offenses:

    1.      False arrest, detention or imprisonment;

    2.      Malicious prosecution;

    …

    committed during the policy period.

    Such offenses must arise out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you.

  I.      "Occurrence" means:

    1.      An accident, including continuous or repeated exposure to substantially the same general harmful conditions that result in "Bodily Injury" or "Property Damage." All damages arising from continuous or repeated exposure to substantially the same general conditions shall be deemed one "Occurrence".

    2.      An offense that results in "Personal Injury." This does not include an offense committed with actual malice or the willful violation of a penal statute or ordinance, or committed by or with the

11

knowledge or consent of the insured.  All damages that arise from the same general conditions shall be deemed to arise from one "Occurrence".

U.    "Underlying Insurance" means the policies of insurance listed in the "Schedule" and includes the limits of insurance stated in those "Schedules".

V.    "Underlying Insurer" means any insurer who issues a policy of "Underlying Insurance" or any other applicable insurance.

W.    "Underlying Policy" means a policy providing "Underlying Insurance" or any other applicable insurance.

**D.    Public Officials Liability Coverage**

43.    Selective also issued to the City of Paris a Public Officials Liability Policy, Policy No. S1698558.

44.    The Public Officials Liability Policy potentially extends coverage only if a claim for damages because of a "wrongful act" is first made against any insured during the policy period.

45.    As set forth in paragraph a of the Insuring Agreement, the Public Officials Liability Policy applies to only those sums that the insured becomes legally obligated to pay as damages resulting from claims by reason of "wrongful act(s)" rendered in discharging duties on behalf of the public entity named in the Declarations.  The insurance does not apply to "wrongful act(s)" which occurred before the Retroactive Date shown in the Declarations.

46.    The City of Paris is the public entity named in the Declarations.

47.    The Retroactive Date shown in the Declarations is December 27, 1999.

48.    Pursuant to Section 1, Paragraph 2, Exclusions,

This policy does not apply to any claim made against the Insured:

c.    Brought about or contributed to by fraud, dishonesty or criminal act of any insured.

        f.      For false arrest, false imprisonment, libel, slander, defamation, invasion of privacy, wrongful eviction, assault, battery, malicious prosecution, or abuse of process.

        g.      Arising out of the activities of any law enforcement agency or law enforcement personnel, including the operation of adult and juvenile detention facilities.

        k.      For claims or "suits" seeking relief or redress in any form other than compensatory damages.

        s.      For claims seeking punitive or exemplary damages.

49.    By virtue of the Amendatory Bodily Injury Exclusion, an Endorsement to the policy, the "company shall not make any payment nor defend any suit in connection with any CLAIMS made against the INSURED arising out of bodily injury, or sickness, disease, emotional distress, mental anguish or death of any person, or damage to or destruction of any property, including the loss of use thereof, including, without limitation, any allegation, claim or suit that arises out of or based upon a violation of a civil right(s) that cause or contribute in any way to such CLAIM".

50.    Section II identifies the insureds under this Policy in pertinent part:

        a.      The public entity named in the Declarations.

        b.      Your lawfully elected, appointed or employed officials, past, present and future. …

        d.      Your employees.

51.    Section VI – Definitions, reads in pertinent part as follows:

        1.      "Wrongful act(s)" means any alleged or actual breach of duty, or violation of any federal, state or local civil rights, by an insured while acting within the scope of his/her duties as a public official for the public entity named in the Declarations.

## COUNT I
## FOR DECLARATORY JUDGMENT
## No Duty to Defend the Steidl Lawsuit

52.    Selective repeats and realleges the allegations of paragraphs 1 through 51 as the allegations of this paragraph 52 as though fully incorporated herein.

53.    Selective has no duty to defend Ray, Parrish and the City of Paris for the underlying Steidl Lawsuit under the Police Professional Liability Coverage Form for one or more of the following reasons:

    a.    Parrish and Ray are not "insureds" under the Policy Professional Liability Coverage Form;

    b.    The Steidl Lawsuit does not fall within the scope of coverage afforded under Coverage A, and so does not trigger coverage under Coverage A because, among other reasons (i) the Steidl Lawsuit does not allege "bodily injury" or "property damage" as those terms are defined; (ii) the Steidl Lawsuit does not allege "bodily injury" or "property damage" which occur during the policy period; (iii) the Steidl Lawsuit does not allege "bodily injury" or "property damage" caused by an "occurrence" (as that term is defined) and arising out of the performance of the insured's law enforcement duties.

    c.    The Steidl Lawsuit does not fall within the scope of coverage afforded under Coverage B and so does not trigger coverage under Coverage B, because, among other reasons (i) the Steidl Lawsuit does not allege "personal injury" as that term is defined; (ii) the Steidl Lawsuit does not allege "personal injury" committed during the policy period and arising

14

out of the conduct of law enforcement activities; (iii) the Steidl Lawsuit does not allege an offense committed in the regular course of duty by the insured.

     d.    Coverage is excluded under the Selective Commercial Policies by Exclusions f, g, i and l of Coverage A;

     e.    Coverage is excluded under the Selective Commercial Policies by Exclusions a(1) through (4), e, and g.

54.    Selective has no duty to defend Ray, Parrish and the City of Paris for the underlying Steidl Lawsuit under the Commercial General Liability Coverage Form for one or more of the following reasons:

     a.    Coverage under Coverage A is excluded under the law enforcement activities exclusion of the Elite PAC endorsement.

     b.    Coverage under Coverage B is excluded under the law enforcement activities exclusion of the Elite PAC endorsement.

55.    Selective has no duty to defend Ray, Parrish and the City of Paris for the underlying Steidl Lawsuit under the Commercial Umbrella Liability Coverage Form for one or more of the following reasons:

     a.    Ray and Parrish are not "insureds" under that Coverage Form;

     b.    The Steidl Lawsuit does not fall within the scope of coverage afforded under the Insuring Agreement and so does not trigger coverage under the Commercial Umbrella Liability Coverage Form because, among other reasons, (i) the Steidl Lawsuit does not allege "bodily injury", "property damage", "personal injury" or "advertising injury" as those terms are defined; (ii) the Steidl Lawsuit does not allege "bodily injury", "property

15

damage", "personal injury" and "advertising injury" occurring during the policy period and caused by an "occurrence";

    c.    The Steidl Lawsuit does not fall within the scope of coverage afforded under Section I, Coverages, Part A. Insuring Agreement, Paragraph D., added by Endorsement to the Policy because, among other reasons, (i) the Steidl Lawsuit does not allege an "occurrence" happening during the policy period and (ii) coverage is not afforded by the "Schedule" of Policies;

    d.    Coverage is excluded under Exclusions 11(a) through (c), and by the Endorsement quoted at paragraph 41 of this Complaint.

56.    Selective has no duty to defend Ray, Parrish and the City of Paris for the underlying Steidl Lawsuit under the Public Officials Liability Coverage for one or more of the following reasons:

    a.    Ray and Parrish are not "insureds";

    b.    The Steidl Lawsuit does not fall within the scope of coverage afforded under the Insuring Agreement because, among other reasons, (i) the Steidl Lawsuit does not allege a claim by reason of "wrongful act(s)", as that term is defined in the Policy;  (ii) the Steidl Lawsuit does not allege a claim by reason of  "wrongful act(s)" rendered in discharging duties on behalf of the City of Paris; (iii) the Steidl Lawsuit alleges claims by reason of "wrongful act(s)" which occurred before the December 27, 1999 Retroactive Date;

    c.    Coverage is excluded under Exclusions c, f, g, k and s, and the Amendatory Bodily Injury Exclusion.

57.     On information and belief, Ray, Parrish and the City of Paris deny and dispute Selective's position.

58.     Selective denied defense to Ray and Parrish.

59.     Selective has agreed to and is advancing payment of a portion of Ray's and Parrish's defense costs for the Steidl Lawsuit subject to a reservation of rights.

60.     Selective advised the City of Paris that is does not have a duty to defend it and has reserved its rights to withdraw its defense of the City of Paris in the Steidl Lawsuit.  Currently, Selective is paying for a portion of the defense of the City of Paris subject to a full and complete reservation of rights with respect to the Steidl Lawsuit.

61.     By reason of the foregoing, an actual and justiciable controversy exists between the parties which may be determined by a judgment or order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the Selective Policies and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same.


## COUNT II

### No Duty to Defend the Whitlock Lawsuit


62.     Selective repeats and realleges the allegations of paragraphs 1 through 61 as the allegations of this paragraph 62 as though fully incorporated herein.

63.     Selective has no duty to defend Ray, Parrish and the City of Paris for the underlying Whitlock Lawsuit under the Police Professional Liability Coverage Form for one or more of the following reasons:

a. Parrish and Ray are not "insureds" under the Policy Professional Liability Coverage Form;

b. The Whitlock Lawsuit does not fall within the scope of coverage afforded under Coverage A, and so does not trigger coverage under Coverage A because, among other reasons (i) the Whitlock Lawsuit does not allege "bodily injury" or "property damage" as those terms are defined; (ii) the Whitlock Lawsuit does not allege "bodily injury" or "property damage" which occur during the policy period; (iii) the Whitlock Lawsuit does not allege "bodily injury" or "property damage" caused by an "occurrence" (as that term is defined) and arising out of the performance of the insured's law enforcement duties.

c. The Whitlock Lawsuit does not fall within the scope of coverage afforded under Coverage B and so does not trigger coverage under Coverage B, because, among other reasons (i) the Whitlock Lawsuit does not allege "personal injury" as that term is defined; (ii) the Whitlock Lawsuit does not allege "personal injury" committed during the policy period and arising out of the conduct of law enforcement activities; (iii) the Whitlock Lawsuit does not allege an offense committed in the regular course of duty by the insured.

d. Coverage is excluded under the Selective Commercial Policies by Exclusions f, g, i and l of Coverage A;

e. Coverage is excluded under the Selective Commercial Policies by Exclusions a(1) through (4), e, and g.

64. Selective has no duty to defend Ray, Parrish and the City of Paris for the

underlying Whitlock Lawsuit under the Commercial General Liability Coverage Form for one or more of the following reasons:

    a.    Coverage under Coverage A is excluded under the law enforcement activities exclusion of the Elite PAC endorsement.

    b.    Coverage under Coverage B is excluded under the law enforcement activities exclusion of the Elite PAC endorsement.

65.    Selective has no duty to defend Ray, Parrish and the City of Paris for the underlying Whitlock Lawsuit under the Commercial Umbrella Liability Coverage Form for one or more of the following reasons:

    a.    Ray and Parrish are not "insureds" under that Coverage Form;

    b.    The Whitlock Lawsuit does not fall within the scope of coverage afforded under the Insuring Agreement and so does not trigger coverage under the Commercial Umbrella Liability Coverage Form because, among other reasons, (i) the Whitlock Lawsuit does not allege "bodily injury", "property damage", "personal injury" or "advertising injury" as those terms are defined; (ii) the Whitlock Lawsuit does not allege "bodily injury", "property damage", "personal injury" and "advertising injury" occurring during the policy period and caused by an "occurrence";

    c.    The Whitlock Lawsuit does not fall within the scope of coverage afforded under Section I, Coverages, Part A. Insuring Agreement, Paragraph D., added by Endorsement to the Policy because, among other reasons, (i) the Whitlock Lawsuit does not allege an "occurrence" happening during the policy period and (ii) coverage is not afforded by the "Schedule" of Policies;

d.      Coverage is excluded under Exclusions 11(a) through (c), and by the Endorsement quoted at paragraph 41 of this Complaint.

66.      Selective has no duty to defend Ray, Parrish and the City of Paris for the underlying Whitlock Lawsuit under the Public Officials Liability Coverage for one or more of the following reasons:

a.      Ray and Parrish are not "insureds";

b.      The Whitlock Lawsuit does not fall within the scope of coverage afforded under the Insuring Agreement because, among other reasons, (i) the Whitlock Lawsuit does not allege a claim by reason of "wrongful act(s)", as that term is defined in the Policy;  (ii) the Whitlock Lawsuit does not allege a claim by reason of  "wrongful act(s)" rendered in discharging duties on behalf of the City of Paris; (iii) the Whitlock Lawsuit alleges claims by reason of "wrongful act(s)" which occurred before the December 27, 1999 Retroactive Date;

c.      Coverage is Excluded under Exclusions c, f, g, k and s, and the Amendatory Bodily Injury Exclusion.

d.      The claim was not made during the policy period.


67.      On information and belief, Ray, Parrish and the City of Paris deny and dispute Selective's position.

68.      Selective denied defense to Ray and Parrish.

69.      Selective has agreed to and is advancing payment of a portion of Ray and Parrish's defense costs for the Whitlock Lawsuit subject to a reservation of rights.

70.     Selective does not have a duty to defend the City of Paris for the Whitlock Lawsuit and has reserved its rights to withdraw its defense of the City of Paris in the Whitlock Lawsuit.  Currently, Selective will pay for a portion of the defense of the City of Paris subject to a full and complete reservation of rights with respect to the Whitlock Lawsuit.

71.     By reason of the foregoing, an actual and justiciable controversy exists between the parties which may be determined by a judgment or order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the Selective Policies and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same.

### **COUNT III**

### **(Declaratory Judgment Regarding Indemnification of the Steidl Lawsuit)**

71.     Selective restates and realleges the allegations of paragraphs 1 through 71 above as and for the allegations of paragraph 72 of this Count III as though fully set forth herein.

72.     As set forth in Count I herein, the allegations contained in the underlying Steidl Lawsuit against Ray, Parrish and the City of Paris are not covered under Selective's Policies and Selective is not obligated to defend Ray, Parrish and the City of Paris.

73.     Because there is no duty to defend under the Selective Policies, there is no duty indemnify Ray, Parrish and the City of Paris with respect to the Steidl Lawsuit.

74.     On information and belief, the foregoing deny and dispute Selective's position, the City of Paris has tendered the defense of the lawsuit to Selective, and contends that the damages sought in the allegations contained in the underlying Steidl Lawsuit are covered under the Selective Policies.

75.     Selective has reserved its rights under the Policies.

76.     By reason of the foregoing, an actual and juditiable controversy exists between the parties which may be determined by a judgment or order of this Court and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the Selective Policies and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same.

## COUNT IV

### (Declaratory Judgment Regarding Indemnification of the Whitlock Lawsuit)

77.     Selective restates and realleges the allegations of paragraphs 1 through 77 above as and for the allegations of paragraph 78 of this Count IV as though fully set forth herein.

78.     As set forth in Count II herein, the allegations contained in the underlying Whitlock Lawsuit against Ray, Parrish and the City of Paris are not covered under Selective's Policies and Selective is not obligated to defend Ray, Parrish and the City of Paris.

79.     Because there is no duty to defend under the Selective Policies, there is no duty indemnify Ray, Parrish or the City of Paris with respect to the Whitlock Lawsuit.

80.     On information and belief, the foregoing deny and dispute Selective's position, the City of Paris has tendered the defense of the lawsuit to Selective, and contends that the damages sought in the allegations contained in the underlying Steidl Lawsuit are covered under the Selective Policies.

81.     Selective has reserved its rights under the Policies.

82.     By reason of the foregoing, an actual and justiciable controversy exists between the parties which may be determined by a judgment or order of this Court and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and

provisions of the Selective Policies and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the Plaintiff, Selective, prays that this Honorable Court enter judgment in its favor finding and declaring the rights of the parties as follows:

a.     That Selective has no duty or obligation to defend Ray in the Steidl Lawsuit.

b.     That Selective has no duty or obligation to defend Parrish in the Steidl Lawsuit.

c.     That Selective has no duty or obligation to defend the City of Paris in the Steidl Lawsuit.

d.     That Selective may withdraw its defense of the City of Paris and shall not be responsible for making any further payment with respect to the costs and expenses incurred in the defense of the City of Paris, and shall not be responsible for payment of any defense costs for Ray and Parrish in the Steidl Lawsuit.

e.     That Selective is entitled to reimbursement from the City of Paris, Ray and Parrish of all defense costs and expenses incurred up to the date of judgment in this matter on its behalf in connection with the defense of or payment of defense costs for the Steidl Lawsuit.

f.     That Selective has no duty or obligation to defend Ray in the Whitlock Lawsuit.

g.     That Selective has no duty or obligation to defend Parrish in the Whitlock Lawsuit.

h.     That Selective has no duty or obligation to defend the City of Paris in the Whitlock Lawsuit.

i.     That Selective may withdraw its defense of the City of Paris and shall not be responsible for making any further payment with respect to the costs and expenses incurred in the defense of the City of Paris, and shall not be responsible for payment of any defense costs for Ray and Parrish in the Whitlock Lawsuit.

j.      That Selective is entitled to reimbursement from the City of Paris, Ray and Parrish of all defense costs and expenses incurred up to the date of judgment in this matter on its behalf in connection with the defense of or payment of defense costs for the Whitlock Lawsuit.

k.      That Selective has no duty or obligation to indemnify Ray, Parrish, and the City of Paris in connection with the Steidl Lawsuit under any of its Policies;

l.      That Selective has no duty or obligation to indemnify Ray, Parrish, and the City of  Paris in connection with the Whitlock Lawsuit under any of its Policies;

m.      That the Court grant Selective such other and further relief as the Court deems just and appropriate under the circumstances, including an award of costs.

Dated: May 1, 2008


Respectfully submitted,

Selective Insurance Company of South Carolina

By: __/s/ Nancy K. Tordai_____
                One of its counsel


Of Counsel:

Nancy K. Tordai
Hanson Peters Nye
1000 Hart Road, Suite 300
Barrington, Illinois 60010
Telephone:  (847)277-9988
Facsimile:  (847)277-7339
Email:  nancytordai@hpnlaw.com