**E-FILED**
Tuesday, 29 July, 2008  02:48:04 PM
Clerk, U.S. District Court, ILCD

## the United States District Court
## For the Central District of Illinois
## Urbana Division

| | | |
|---|---|---|
| Western World Insurance Group, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.  08-2118 |
| v. | ) | |
| | ) | |
| Selective Insurance Company of | ) | |
| South Carolina and Monticello Insurance | ) | |
| Company, n/k/a Allianz Global Risk, U.S., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFENDANT SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA'S COUNTER-CLAIM FOR DECLARATORY RELIEF

Now comes the Plaintiff and Counter-Defendant, Western World Insurance Group ("Western World"), by and through its attorneys, Glenn F. Fencl and Richard R. Gordon of Johnson & Bell, Ltd., and for its Answer to Defendant Selective Insurance Company of South Carolina's ("Selective") Counter-Claim for Declaratory Relief, states as follows:

1.      Selective repeats and realleges each of its Affirmative Defenses to the Western World Complaint, which are incorporated herein.

**ANSWER:   Western World repeats and realleges each of its Answers to Selective's Affirmative Defenses.**

2.      On or about May 27, 2005, a Complaint was filed in the United States District Court for the Central District of Illinois, Urbana Division, by Steidl against several defendants, including Ray, Parrish and the City of Paris.  Said case is styled <u>Gordon Randy Steidl, Plaintiff v. City of Paris, et al., Defendants</u>, Case Number 05-CV-02127 (hereinafter "the Steidl Lawsuit").

**ANSWER:    Western World admits the allegations contained in Paragraph 2.**

3.    On or about February 27, 2008, a Complaint was filed in the United States District Court for the Central District of Illinois, Urbana Division, by Whitlock against several defendants, including Ray, Parrish and the City of Paris.  Said case is styled <u>Herbert Whitlock, Plaintiff, vs. City of Paris, et al., Defendants</u>, Case Number 08-CV-02055 (hereinafter "the Whitlock Lawsuit").

**ANSWER:    Western World admits the allegations contained in Paragraph 3.**

4.    Plaintiff, Selective, issued Commercial Polices of Insurance to the City of Paris Selective, Policy No. S1698558, which contained a Police Professional Liability Coverage Form, for the following Policy Periods: December 17, 1999 to December 27, 2000; December 27, 2000 to December 27, 2001; December 27, 2001 to December 27, 2002; December 27, 2002 to December 27, 2003; December 27, 2003 to December 27, 2004; December 27, 2004 to December 27, 2005; December 27, 2005 to December 27, 2006; December 27, 2006 to December 27, 2007.  Selective also issued to the City of Paris a Police Professional Liability Policy number S1319297 for the December 27, 1999 to December 27, 2000 period.  (The foregoing policies shall be collective referred to herein as the "Selective Policies").

**ANSWER:    Western World lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.**

5.    The City of Paris tendered the Steidl Lawsuit to Selective for defense and indemnity.

**ANSWER:    Western World lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5.**

6.     The City of Paris also tendered the Whitlock Lawsuit to Selective for defense and indemnity.

**ANSWER:     Western World lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6.**

7.     Ray and Parrish were not employees of the City of Paris at the inception of or during the policy period of any of the Selective Policies.

**ANSWER:     Western World lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7.**

8.     Ray and Parrish were not employees of the City of Paris from December 27, 1999 to the present.

**ANSWER:     Western World lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8.**

9.     Selective has denied defense and indemnity to Ray and Parrish for the Steidl and Whitlock litigation as they were not employees of the City of Paris at the inception of or during the policy period of any of the Selective Policies, and thus are not insureds under any of the Selective Policies.

**ANSWER:     Western World admits that Selective has denied defense and indemnity to Ray and Parrish for the Steidl and Whitlock litigation.  Western World lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 9.**

10.     Selective has advanced and has agreed to advance payment of defense costs to Ray and Parrish subject to a reservation of rights.

**ANSWER:    Western World lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10.**

11.    Selective, while defending the City of Paris in the Steidl Lawsuit under a reservation of rights, has denied and continues to deny that it owes a duty to defend or indemnify the City of Paris in the Steidl Lawsuit under the Selective Polices

**ANSWER:    Western World admits the allegations contained in Paragraph 11.**

12.    Selective, while defending the City of Paris in the Whitlock Lawsuit under a reservation of rights, has denied and continues to deny that it owes a duty to defend or indemnify the City of Paris in the Whitlock Lawsuit under the Selective Polices.

**ANSWER:    Western World admits the allegations contained in Paragraph 11.**

13.    Western World has alleged in paragraphs 33 through 36 of its Complaint that it issued certain Law Enforcement Officers Liability insurance policies to the City of Paris, Illinois, Paris Police Department.

**ANSWER:    Western World admits that paragraphs 33 through 36 of its Complaint allege, amongst other things, that it issued certain Law Enforcement Officers Liability insurance policies to the City of Paris, Illinois, Paris Police Department.  Western World further states that the allegations of paragraphs 33 through 36 of its Complaint speak for themselves.**

14.    The City of Paris, Parrish and Ray have tendered the Steidl and Whitlock lawsuits to Western World for coverage and defense.

**ANSWER:    Western World admits the allegations contained in Paragraph 14.**

15.    Monticello also issued policies of insurance to the City of Paris, under which the City of Paris sought coverage and defense for the Steidl and Whitlock lawsuits.

**ANSWER:     Western World lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15.**

16.     Western World agreed to share equally with Selective and Monticello the costs of defending the Steidl and Whitlock lawsuits.

**ANSWER:     Western World admits that it initially agreed to share equally with Selective and Monticello the costs of defending the Steidl and Whitlock lawsuits.  Western World denies the remaining allegations contained in Paragraph 16.**

17.     Western World defended and paid a portion of the defense costs incurred by the City of Paris, Ray and Parrish in the defense of the Steidl litigation until April 1, 2007, at which time it refused to continue defending and refused to continue making any such payment.

**ANSWER:     Western World admits that it defended and paid a portion of the defense costs incurred by the City of Paris, Ray and Parrish in the defense of the Steidl litigation until April 1, 2007.  Western World denies the remaining allegations contained in Paragraph 17.**

18.     Western World acknowledges that it owes a defense to the City of Paris, Ray and Parris for the Steidl and Whitlock litigation, but refuses to provide such a defense or pay any defense costs until the limits of liability of the Selective policy are exhausted.

**ANSWER:     Western World admits that the Western World policies provide excess coverage over the Selective and Monticello policies for the defense of the City of Paris, Parrish and Ray in the Steidl and Whitlock lawsuit.  Western World denies the remaining allegations contained in Paragraph 18.**

19.     Selective disputes this position, states that it owes no duty to defend the Steidl and Whitlock litigation, and hence, has no duty to indemnify those lawsuits, for the reasons stated in

the Complaint it filed in the United States District Court for the Central District of Illinois, Case Number 07-CV-02224, captioned *Selective Insurance Company of South Carolina v. City of Paris, et al.,* which is incorporated herein by reference, and for the reasons stated in its affirmative defenses to this litigation, which are also incorporated herein.

**ANSWER: Western World admits that Selective disputes Western World's position and that Selective believes that it owes no duty to defend the Steidl and Whitlock litigation, and hence, has no duty to indemnify those lawsuits, for the reasons stated in the Complaint it filed in the United States District Court for the Central District of Illinois, Case Number 07-CV-02224, captioned *Selective Insurance Company of South Carolina v. City of Paris, et al.,* and for the reasons stated in its affirmative defenses to this litigation. Western World denies the contrary contentions of Selective.**

20.    Western World owes an immediate duty to defend the Steidl and Whitlock litigation without regard to the exhaustion of the limit of liability of the Selective Policy.

**ANSWER:    Western World denies the allegations contained in Paragraph 20.**

21.    Western World, in abrogation of its defense obligation, has refused to defend the Steidl and Whitlock litigation, to the damage of Selective, which has paid a portion of the defense costs owed by Western World subject to a reservation of rights, remedies and defenses.

**ANSWER:    Western World denies the allegations contained in Paragraph 21.**

22.    By reason of the foregoing, an actual and justiciable controversy exists between Selective and Western World which may be determined by a judgment or order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the Western World and Selective Policies and to

adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same.

**ANSWER:** Western World admits that an actual and justiciable controversy exists between Selective and Western World which may be determined by a judgment or order of this Court, that this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the Western World and Selective Policies and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same. Western World denies the remaining allegations contained in Paragraph 22.

WHEREFORE, Plaintiff and Counter-Defendant, Western World Insurance Group, respectfully requests that this Honorable Court dismiss Defendant and Counter-Plaintiff Selective Insurance Company of South Carolina's Counterclaim for Declaratory Relief with prejudice, and for such other and further relief as the Court deems just and fit under the circumstances.

Respectfully submitted,

JOHNSON & BELL, LTD.


By: /s/Richard R. Gordon
One of its Attorneys

Glenn F. Fencl ARDC No. 3126086
Richard Gordon ARDC No. 6277551
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
*Attorneys for Plaintiff,*
*Western World Insurance Group*
#1901879

## CERTIFICATE OF SERVICE

I hereby certified that on the 29th day of July, 2008, I electronically filed the foregoing Plaintiff, Western World Insurance Group's Answer to Defendant, Selective Insurance Company of South Carolina's Counter-Claim for Declaratory Relief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nancy K. Tordai
Hanson Peters Nye
1000 Hart Road
Suite 300
Barrington, Illinois 60010

Scott L. Carey
Joseph P. Pozen
Alicia Jaeger Smith
David M. Alt
Bates & Carey, LLP
191 North Wacker Drive
Suite 2400
Chicago, Illinois 60608

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.

By:  /s/ Richard R. Gordon
      Richard R. Gordon A.R.D.C. #6277551
      One of the Attorneys for Plaintiff

Glenn F. Fencl ARDC No. 3126086
Richard Gordon ARDC No. 6277551
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770